IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| JAMES E. KNOX, | § | |
| | § | |
| Defendant Below, | § | No. 250, 2015 |
| Appellant, | § | |
| | § | |
| v. | § | Court Below—Superior Court |
| | § | of the State of Delaware, |
| STATE OF DELAWARE, | § | in and for Kent County |
| | § | Cr. ID No. 0008001802 |
| Plaintiff Below, | § | |
| Appellee. | § | |

Submitted: June 16, 2015
Decided: August 17, 2015

Before **STRINE**, Chief Justice; **VALIHURA**, and **SEITZ**, Justices.

## **O R D E R**

This 17th day of August 2015, upon consideration of the appellant's opening brief, the State's motion to affirm, and the record below, it appears to the Court that:

(1) The appellant, James E. Knox, filed this appeal from a Superior Court order denying his motion for correction of sentence. The State of Delaware has filed a motion to affirm the judgment below on the ground that it is manifest on the face of Knox's opening brief that his appeal is without merit. We agree and affirm.

(2) The record reflects that, in February 2001, Knox pled guilty to Unlawful Sexual Intercourse in the Second Degree. This conviction arose from Knox's sexual abuse of his minor stepdaughter. Knox was sentenced to twenty

years of Level V incarceration, suspended after ten years for decreasing levels of supervision. Knox did not file an appeal from the Superior Court's judgment. In 2003, this Court affirmed the Superior Court's denial of Knox's first motion for postconviction relief.[1]

(3) On October 29, 2010, the Superior Court found that Knox had committed his first violation of probation ("VOP"). Knox was sentenced to ten years of Level V incarceration, suspended after fifteen days for decreasing levels of supervision. On April 1, 2013, an administrative warrant was filed for Knox's second VOP. On April 12, 2013, the Superior Court found that Knox had committed his second VOP. Knox was sentenced to fourteen years of Level V incarceration, suspended immediately for one year of Level III probation.

(4) On April 25, 2014, the Superior Court found that Knox had committed his third VOP. Knox was sentenced to ten years of Level V incarceration, suspended upon successful completion of the Family Problems Program for one year of Level III probation. Knox did not appeal any of the VOPs, but did file multiple motions for modification or correction of sentence.

(5) On April 20, 2015, Knox filed a motion for correction of sentence containing eighteen grounds for correction of his April 25, 2014 VOP sentence.

---

[1] *Knox v. State*, 2003 WL 21456287 (Del. June 17, 2003).

2

The Superior Court denied the motion on April 23, 2015. The Superior Court's April 23, 2015 order is on appeal in *Knox v. State*, No. 242, 2015.

(6) On May 4, 2015, Knox filed another motion for correction of sentence. In this motion, Knox claimed that the April 12, 2013 VOP sentence must be vacated due to errors in the April 12, 2013 VOP proceedings. Knox argued that he was forced to represent himself without receiving a copy of the VOP report and, despite his admission that he violated his probation, he was actually innocent of the VOP. In an order dated May 5, 2015, the Superior Court denied the motion as untimely and repetitive and found that the sentence was appropriate for the reasons stated at sentencing. This appeal followed.

(7) We review the Superior Court's denial of a motion for correction of sentence for abuse of discretion.[2] To the extent the claim involves a question of law, we review the claim *de novo*.[3] Knox's arguments on appeal may be summarized as follows: (i) the Superior Court erred in finding his motion untimely because there is no time limit for a motion to correct an illegal sentence under Superior Court Criminal Rule 35(a); (ii) the fourteen years of Level V time imposed in the April 12, 2013 sentence was illegal because it exceeded the ten years of Level V time remaining on his sentence; (iii) he was innocent of the second VOP; (iv) he was forced to represent himself without a copy of the VOP

---

[2] *Fountain v. State*, 2014 WL 4102069, at *1 (Del. Aug. 19, 2014).
[3] *Id.*

3

report at the April 12, 2013 VOP hearing; and (v) his motion for correction of sentence was not repetitive as it was the first motion he filed in connection with the VOP sentence imposed on April 12, 2013.

(8) Under Superior Court Criminal Rule 35 ("Rule 35"), a defendant may file a motion for correction of an illegal sentence or a motion for reduction of sentence. A proceeding under Rule 35 presumes a valid conviction.[4] Rule 35 is not a means for a defendant to attack the legality of his convictions or to raise allegations of error in the proceedings before the imposition of sentence.[5] A defendant may not use an appeal from the denial of a Rule 35 motion "to collaterally attack the merits of his VOP conviction."[6] Only one of Knox's claims—that the fourteen years of Level V time imposed on April 12, 2013 time exceeded the ten years of Level V time previously suspended—challenges his VOP sentence and is cognizable under Rule 35. We will therefore only consider that claim. Knox's other claims challenging the legality of the VOP finding or alleging errors in the VOP proceedings are outside the scope of Rule 35 and will not be considered.

(9) As to Knox's claim regarding the legality of his second VOP sentence, Knox did not raise this claim in the Superior Court and it will not be

---

[4] *Brittingham v. State*, 705 A.2d 577, 578 (Del. 1998).
[5] *Id.*
[6] *Pipkin v. State*, 2004 WL 2419087, at *1 (Del. Oct. 26, 2004).

considered on appeal absent plain error.[7]  There is no plain error here because although the Superior Court made a mistake at one point in the proceedings, that error did not prejudice Knox.  Knox is correct that the Superior Court erred by imposing a fourteen year Level V sentence on April 12, 2013, because that sentence exceeded the ten years of Level V time previously suspended on his sentence.[8]  But there is no harm to Knox for us to correct from this error because the April 12, 2013 Level V sentence was immediately suspended for Level III probation and, more generally, is no longer in effect.  On April 25, 2014, Knox was sentenced for his third VOP to ten years of Level V incarceration, suspended upon successful completion of the Family Problems Program for one year of Level III probation.  Even though the April 25, 2014 sentence was a year later, the Superior Court was within its discretion to impose ten years of Level V time because, as mentioned, Knox served no Level V time under the erroneous April 12, 2013 sentence.  Because the April 12, 2013 sentence is no longer in place, and because it caused no prejudice to Knox, his challenge to the April 12, 2013 sentence provides no basis for remedial relief and is moot. Having carefully reviewed the parties' submissions and the record, we affirm on different grounds

---

[7] Supr. Ct. R. 8.
[8] *Pavulak v. State*, 880 A.2d 1044, 1046 (Del. 2005) (holding Superior Court erred in imposing more Level V time for VOP than remained on defendant's suspended Level V sentence).

the Superior Court's denial of Knox's motion for correction of his second VOP sentence.

NOW, THEREFORE, IT IS ORDERED that motion to affirm is GRANTED and the judgment of the Superior Court is AFFIRMED.

BY THE COURT:

/s/ *Collins J. Seitz, Jr.*

Justice